## EX PARTE Y. W. LATHAM.

### No. 3005.   Decided October 26, 1904.

**1.—Contempt—Divorce—Jurisdiction Over Property.**

Where the relator did not make the situs of the property an issue in the divorce suit, in which he was committed for contempt for not delivering the same to a trustee, but subjected the same to the jurisdiction of the court granting a divorce, he cannot urge as a ground for his enlargement that said property was beyond the jurisdiction of said court.

**2.—Same—Power of Court in Divorce Proceedings.**

Where it was competent for the district court in a divorce suit to make a partition of the community property and to appoint a trustee to take charge thereof, the court was also authorized to require relator to turn over the community property conceded then to be in his hands, to said trustee, under the order of said court, and to enforce its decree by a contempt proceeding.

**3.—Same—Judgment of Contempt—Time of Entry.**

Where the judgment of the district court, adjudging relator in contempt was actually deposited with the clerk of said court, at the very time the writ of commitment was issued, although said judgment was not entered until two days thereafter, and the writ of habeas corpus was not granted until all the record proceedings in the divorce suit had been entered, there was no error in committing relator because said judgment had not been actually entered.

**4.—Same—The Whole Record Looked to in Support Judgment for Contempt.**

In determining the question as to whether a judgment for contempt on disobeying an order of the district court in a divorce proceeding is sufficiently definite, the Appellate Court will look to the moving papers and the whole judgment, in order to ascertain in what the adjudicated contempt consisted.

**5.—Same—Certainty of Judgment for Contempt.**

Where the judgment of the district court adjudging relator in contempt shows very sufficiently and definitely the facts adjudicated by the court which constitute the contempt, it is sufficiently certain to support the relator's commitment thereunder.

6.—Same—No Definite Time of Imprisonment Necessary.

Where the judgment of the district court in a divorce proceeding was to the effect that the relator be committed for contempt, until he complied with the order of court to turn over to a trustee certain community property which he conceded to be in his possession, it was sufficiently definite and is authorized under the law.

From Rockwall County.

Original application for habeas corpus for release from commitment for contempt for disobeying judgment of the district court, ordering relator to turn over to a trustee certain community property.

The opinion states the case.

*L. D. Stroud* and *I. J. Austin,* for relator.— On proposition for committing relator for an indefinite period of time and exceeding three days: Sayles' Rev. Stat. art. 1120; Ex Parte Tinsley, 37 Texas Crim. Rep., 517; 40 S. W. Rep., 306; Ex Parte Kearby, 34 S. W. Rep., 635. On proposition that the judgment was not sufficiently definite: Robertson Ex Parte, 27 Texas Crim. App., 628. On proposition of time of commitment: Ex Parte Kearby, supra.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This is an original application for the writ of habeas corpus from Rockwall County. It appears from the record in the divorce suit of Mrs. Cora L. Latham v. J. W. Latham, relator, the proceedings of which are in evidence in this case, that Mrs. Cora Latham brought suit in the district court of Rockwall County, to the September Term thereof, for divorce from her husband, reciting grounds for the divorce; that among other things, she prayed for the custody of her minor children; and also set up the community estate of herself and said husband, and asked for a partition thereof between them in the final decree; and to that end asked for the appointment of a receiver or trustee to take charge of said estate and to partition the same under the order of said court. The petition recites, that said community estate between herself and said husband consisted of a homestead of 80 acres of land in Comanche County, Oklahoma Territory, of the value of $800; a span of mules and wagon of the value of $200; and household and kitchen furniture of the value of $25; that defendant without the knowledge or consent of plaintiff sold said real estate for $800 cash, and said span of mules for $200 cash, and that defendant had also sold the crops grown for the year 1903 on said homestead, which consisted of seven bales of cotton, of the probable value of $350, and other crops of the probable value of $80; that defendant had turned all of said property into money, put the same into his pocket and refused to contribute anything to the support of plaintiff and his minor children. She further alleged that defendant then had on hand more than $1,000,

Vol. 47 Crim.—14.

fruits of said community property; and prayed for an accounting and an inventory to be rendered by defendant and the appointment of a receiver or trustee as aforesaid. Defendant, in his answer as to the property rights, alleged that all of the community property of himself and plaintiff had been disposed of, and that the property he had sold since February, 1903, was as follows: relinquishment of land in Oklahoma, $800; crops, $280; household goods, wagon, etc., $15—total $1023. That defendant now had on hand in money and accounts $600. On the trial of said case, the court instructed the jury as to the issue of divorce between plaintiff and defendant, and also instructed them, if they found in favor of plaintiff as to the divorce, then to determine the rights of the parties as to community property. He charged them to find what portion thereof plaintiff was entitled to, if any. The jury found in favor of plaintiff against defendant as to the divorce. The verdict then reads, as follows: "We also find for plaintiff $300 in cash for the amount the defendant has on hand. We find from the evidence that the defendant has $475, and a $125 account." The court, on the finding of the jury decreed the divorce in favor of plaintiff, gave her the custody of the children; and then the judgment reads, as follows: "And it further appearing to the court, in response to said finding of the jury, that there is in possession of said defendant $475 and a solvent account of the value of $125, and that the same is community property of the said plaintiff and defendant; and that the said plaintiff should have $300 of said money and property as a part of the community property; and for the support and maintenance of the said minor children. It is further ordered, adjudged and decreed by the court that said plaintiff do have $300 of said property. And it appearing to the court that it is necessary to an equal and equitable division of said property, and for the proper adjudication of the rights of both parties in said community property, that a trustee be appointed to disburse, divide and pay out said property under the order of this court; and it appearing to the court that counsel for both parties have agreed upon O. M. Morris of Rockwall, Texas, as said trustee, etc. "The court then proceeds to appoint said Morris, trustee, requiring a bond in the sum of $1,000, which it is shown he gave. The court then required defendant, J. W. Latham, to turn over said money and property into the possession of said trustee at once, leaving the judgment open for the further orders of the court. By further order it is shown that defendant refused to pay over said money or deposit said account with the trustee Moris. The order then proceeds in this language: "And it further appearing to the court that said trustee had made due and legal demand of defendant, J. W. Latham, for the possession of all the community property of said plaintiff and defendant remaining in his hands, and that said defendant failed to turn over to said trustee said property or any part thereof; and defendant being present in court was called upon to produce said property, or show cause why the same should not be done. Whereupon defendant refused to produce said property, or turn same over to said

trustee; and was then admonished by said court if said refusal was persisted in, it would render him, the said J. W. Latham in contempt of court. Whereupon defendant asked for further time to consult with his counsel which request was granted, and after due time, defendant came into court with his counsel, and in open court stated to said court that he declined to produce said property in his hands, or turn over the same to said trustee; and it appearing to the court that said defendant wilfully withheld said property, in defiance and in disobedience of the order of this court, wherefore he is considered in contempt of the same. It is therefore ordered adjudged and decreed by the court that said defendant, J. W. Latham, is guilty of gross contempt of this court, and in punishment thereof is committed to the county jail of Rockwall County, Texas, and is to be confined therein until he shall purge himself of said contempt by complying with the order of this court." There is also, in connection with the papers, a motion filed by the plaintiff in that suit to commit defendant for contempt for disobeying the order of said court. Said writ of commitment bears date on the 12th day of September, 1904. The judgment of contempt bears the same date; but by agreement and evidence it is shown, that while the judgment was drawn up and deposited with the clerk on the 12th of September, the date the writ was issued and defendant taken in custody and placed in jail by the sheriff, yet said judgment was not actually entered until two days thereafter. The writ of habeas corpus was sued out and presented to a judge of this court on the 28th day of September, 1904. This is a sufficient statement of the case to review the questions raised.

The relator here contends that the judgment of the district court as to the fund, requiring him to turn the same over to the trustee, was beyond the jurisdiction of the court; that the finding of the jury as to the $300 was merely the establishment of a debt, and the court was not authorized to order him to pay the same into court. Relator further contends that because the judgment was not entered until after he was taken into custody by the sheriff and placed in jail, that the same could not afterwards be entered so as to have authorized his being held thereunder. Furthermore he contends that the facts constituting the contempt were not sufficiently adjudged by the court, and that he cannot be held on that account. Also, that the term of imprisonment prescribed is indefinite, and the judgment for contempt is consequently void and not enforceable. And in this connection he urges that the court was only authorized to imprison him for a period not exceeding three days.

With regard to the first proposition as to relator's contention that the court was not authorized to imprison him for debt. If this is true, and it is shown that the amount adjudged against him was a mere debt, then he must be enlarged. It will not be denied that under our statutes regulating divorces, the court has jurisdiction to inquire into the community property, and to make disposition of the same between the spouses; and that it can do so in the final decree granting the divorce. Boyd v. Boyd, 22 Texas Civ. App., 200; Moor v. Moor, 24 Texas Civ.

App., 150; Long v. Long, 69 S. W. Rep., 428. And it is even held that where the husband alienates a part of the community property after suit for divorce, the alienation may be charged to the husband in the division of the property. Hagerty v. Harwell, 16 Texas Civ. App., 663. It is true the property in this case consisted of real estate, crops, etc., situated in the Territory of Oklahoma; but, in the absence of proof to the contrary it will be presumed that the law with reference to community property is the same in that Territory as in this State. Stephenson v. Pullman Pal, Car Co. (Texas Civ. App.), 26 S. W. Rep., 112; Paul v. Chenault, 44 S. W. Rep., 682; Blethen v. Bonner, 52 S. W. Rep., 571; Texas Ry. Co. v. Gray, 65 S. W. Rep., 85. However, whatever defenses may have been made on the ground that "Situs of the property was originally beyond the jurisdiction of the court, it does not appear that relator made that issue in the divorce suit, but subjected the property to the jurisdiction of the court, by setting up in his defense that he then had in his hands $480 in money and the $125 account: making total of $605. And this seems to be all the community estate that the court took jurisdiction of. If it was competent for the court to make the partition of the community property and to appoint a trustee to take charge hereof (and it will be observed that the relator agreed to the appointment of this trustee) then it was competent, and the court was authorized to require relator to turn over the community property conceded then to be in his hands to said trustee, for the purpose of distribution under the order of the court. And if the court had the power to do this, it must be conceded, that it was authorized to enforce its decree by a contempt proceeding. Ex parte Tinsley, 37 Texas Crim. Rep., 517 and authorities there cited. This is not like the case of Ex parte Gerrish, 42 Texas Crim. Rep., 114. In that case there was no question but that the commitment was for a debt. Here the matter was submitted to the jury—the defendant himself conceding that he held the money as community property, or the fruits thereof, and see In re Purvine, 96 Fed. Rep., 192.

Relator contends that under Ex parte Kearby, 35 Texas, 634, he could not be imprisoned until a proper judgment was entered and the writ issued. In that case no writ was issued, and no judgment entered, until after the writ of habeas corpus had been sued out and granted. Not so here. The judgment was actually deposited with the clerk at the very time the writ was issued, and should have been entered then, although it was not entered until two days thereafter (and the court being then in session unquestionably had the right to enter it then). The writ of habeas corpus was not granted until September 28th, when all the record proceedings in said divorce suit had been entered. It is said, however, that the judgment is too indefinite and does not find the facts constituting the contempt. We do not agree to this contention. We can look to the moving papers and the whole judgment in order to ascertain in what the adjudicated contempt consisted. Ex parte Smith, 40 Texas Crim. Rep., 179. A reference to the judgment shows very

succinctly and definitely the facts adjudicated by the court which constitute the contempt.

It is urged that the imprisonment of relator for an indefinite number of days is not authorized. We do not regard that as the effect of the judgment. While no time limit was fixed, the imprisonment was merely to compel a compliance with the order of the court to turn over the community property to the trustee named; and on said compliance the imprisonment would cease. This matter was discussed in Tinsley's case, supra, and it was there held that in compelling compliance with some order of the court, which it had a right to make, our statute with reference to the punishment for contempts does not apply; but the court could make an order of this character. We hold that the evidence here presented shows that the district court had jurisdiction of relator, and the funds in his hands as community property, and that it was competent for the court to treat appellant as in contempt for disobeying its order to turn over the property to the trustee. Any other view, it seems to us, would emasculate the district courts of the power to enforce their decrees in divorce cases where community property is involved, and would nullify our statutes and decisions on that subject. The relator is remanded to the custody of the sheriff of Rockwall County.

*Relator remanded to custody.*

Davidson, Presiding Judge, absent.