**CITY OF FLOYDADA v. GILLIAM et al.**

**No. 4829.**

Court of Civil Appeals of Texas. Amarillo.

Dec. 6, 1937.

762

Winfred Newsome, of Floydada, and Griffin & Morehead, of Plainview, for appellant.

L. G. Mathews, of Floydada, for appellees J. C. Gilliam and wife.

A. M. Frazier and Joe T. Goodwin, both of Dallas, and Charles C. Hampton, of Amarillo, for appellee Home Owners' Loan Corporation.

STOKES, Justice.

This is an appeal from the final judgment of the county court in a condemnation proceeding brought by appellant, the City of Floydada, against appellees, J. C. Gilliam and wife, and the Home Owners' Loan Corporation. Appellant filed its petition at the June term, 1936, praying for the appointment of commissioners to assess the value of 425 square feet of land located in the front yard of Gilliam and wife, abutting upon a street which constituted state highway No. 207. The commissioners were appointed and assessed appellees' damages at the sum of $150. The Home Owners' Loan Corporation held a lien upon the property to secure a loan of $2,074.64, and at the September term, 1936, appellees filed their objections to the award of the commissioners, and specially objected to the amount allowed by them as damages to the property, alleging the damages to be the sum of $1,510, and gave notice of appeal to the county court. Proper notice of the appeal was served upon the appellant, and it filed its answer on November 30, 1936, which consisted of a large number of special exceptions, all of which were overruled, a general denial, and special plea in which it sought to uphold the award of the commissioners, concluding with a prayer that it have its highway and street easement over the lands of appellees.

The case was tried before a jury and submitted upon three special issues, in answer to which the jury found that the cash market value of the strip of land at the time it was condemned was $50; that the cash market value of the balance of the tract immediately before the strip was taken for highway purposes was $2,500; and that the cash market value of the tract remaining after the strip was taken for highway purposes was $1,300. Upon the filing of a remittitur of $100 by appellees, the court rendered judgment in their favor in the sum of $1,150. Appellant filed its motion for new trial, which was overruled, and it has perfected its appeal to this court.

The case is presented here upon two assignments of error, both of which refer to the same subject-matter, and in which appellant assigns error of the trial court in decreeing to it only an easement over the property and in refusing to render judgment vesting it with title in fee to the strip of land condemned.

The proceedings of condemnation were conducted under the provisions of article 1109b, R.C.S., 1925, giving to incorporated cities and towns of less than 5,000 inhabitants the power to appropriate private property for public purposes whenever the governing authorities shall deem it necessary to do so. The article provides that the power of eminent domain shall include the right of the governing authorities "when so expressed" to take the fee in the lands so condemned. In its motion for a new trial appellant complained of the judgment because it decreed to appellant only an easement in the land condemned, and alleged that the law entitled it to a judgment for the fee, or the land itself. The portion of the judgment complained of is as follows: "It is further ordered, adjudged and decreed by the court that the hereinafter described tract of land belonging to the defendants be and the same is hereby declared to be condemned to plaintiff, the City of Floydada, for street and highway 207 purposes, its agents, counsels, commissions, for the purpose of constructing and perpetually operating, maintaining and using the same for street and highway purposes. * * *"

It is obvious the provisions of the judgment fall short of a fee-simple title, but it would seem that it is sufficient for all practical purposes and decrees to appellant all of the interest, rights, and privileges that could be used or would be necessary for the maintenance of a street or highway. Nevertheless, the provisions of the statute invoked by appellant are plain and unambiguous. Appellant has the right to take the fee in the lands so condemned "when so expressed" by the governing authorities. This right is in addition to that which is ordinarily sought and decreed to condemnors in proceedings of this nature. It is not dependent upon a showing of necessity that it have such absolute title, but depends only upon the expression of the governing authorities. Moreover, the right to procure the fee-simple title to land under condemnation proceedings is, by the statute, made to depend upon the action of the governing authorities in so expressing themselves in respect to the condemnation proceedings and nature of title sought to be condemned. The sole complaint made by appellant in its brief is that the trial court committed error in refusing to decree to it the absolute title in fee simple to the strip of land condemned. Whether appellant is correct in its contention depends upon the question of whether or not the pleadings and proof warrant such relief. In its application for the appointment of commissioners, appellant alleged that it was necessary for it to acquire and hold, in fee, the tract of land sought to be condemned. In that pleading it prayed for the appointment of three disinterested freeholders to assess the value of the strip of land, and that the decision of the commissioners, when reported to the court, be recorded in the minutes as the judgment of the court, and for general relief; but it did not pray for a decree placing the title in the city in fee simple. In its answer to appellees' objections to the award of the commissioners, appellant nowhere mentioned the necessity or desire that it have judgment decreeing to it the title in fee. In that pleading it prayed only that it have its "highway and street easement over said lands heretofore sought. * * *"

Under the pleadings filed by appellant, we think it is doubtful that the court was authorized to decree to appellant the fee-simple title to the land which it sought to condemn. The law is well settled that the relief granted by the court must be such, and only such, as is warranted by the pleadings. It is the duty of litigants to inform the court of the relief to which they deem themselves entitled, and this is usually done in the prayer. It may be that in some cases a court is warranted in decreeing to litigants rights not specifically asked for in the prayer, but we know of no rule which requires a trial court to render a judgment in favor of a litigant who does not plainly set out in some portion of his pleading the relief which he desires and to which he deems himself entitled under the law.

There is another and more cogent reason, however, why the trial court was not warranted in granting to appellant the relief for which it contends in this appeal. Article 3270, R.C.S., provides that: "Except where otherwise expressly provided by law, the right secured or to be secured to any corporation or other plaintiff in this State, in the manner provided by this law [eminent domain], shall not be so construed as to include the fee simple estate in lands."

Article 1109b, under which this proceeding was had, makes an exception to the

general rule and provides that the power of eminent domain conferred upon cities of less than 5,000 inhabitants shall include the right of the governing authority, "when so expressed," to take the fee in the lands so condemned. Thus it will be seen that the right of appellant in this case to acquire the fee in the land condemned depended upon the question of whether or not the governing authorties had so expressed. Unless they had done so, appellant had no right to the fee in the land, and whether they had done so or not was a matter of proof. The record is silent as to any such proof. It was not shown by the evidence that the governing authorities of the City of Floydada had ever expressed themselves in the manner provided by law so as to entitle them to the rights for which appellant contends in this appeal. The statute does not provide how the expression shall be made, but it is well settled that the governing authorities of cities, as well as boards of directors of corporations and other representative bodies, can express themselves and bind the institution which they represent only by acting together in a meeting duly assembled. They are not authorized to delegate to others the right to perform acts and duties necessary to the transaction of the business of the institution of which they are directors, commissioners or aldermen, but can do so only by resolution or ordinance, by a majority vote, the result of which is properly entered in the minutes or records of their operations. At the beginning of the trial it was agreed between counsel in open court that all preliminary proceedings, the application for condemnation and resolution of the city council, notice to land owner, award of the commissioners, deposit of the award with the proper officers, and other preliminary matters and proceedings necessary to acquire the right of way involved, had been taken by the city, but this agreement did not include the prerequisite of an expression by the city council of the necessity for condemnation of the fee-simple title in the land, and we do not think it is sufficiently comprehensive to include it by implication. Otherwise, the record is silent as to any such action having been taken by the city council, and we conclude the trial judge would not have been warranted in rendering the judgment for which appellant here contends. Honaker et al., v. New River, H. & W. R. Co., 116 Va. 662, 82 S.E. 727.

We have carefully examined the assignments of error and propositions presented by appellant and, finding no error in the record, the judgment of the trial court is in all things affirmed.

FOLLEY, J., not sitting.