**Ex parte J. C. WAGNER and Wife, Mardess Wagner.**

**No. A–9516.**

Supreme Court of Texas.

May 22, 1963.

Rehearing Denied June 19, 1963.

Kuykendall & Kuykendall, Austin, LeVoy Musick, Houston, for relators.

Adams & Granberry, Crockett, for respondent.

STEAKLEY, Justice.

This is an original habeas corpus proceeding. Relators, J. C. Wagner and wife, Mardess Wagner, were committed to jail on December 27, 1962, pursuant to an order of commitment of the county judge of Houston County. They were released on March 22, 1963, pursuant to our order granting a writ of habeas corpus.

On March 30, 1962, one P. S. Berry filed a forcible detainer action against relator J. C. Wagner in the justice court of Houston County. Berry was given judgment and Wagner appealed to the county court. In the appeal cause No. 3063 the county court by judgment dated August 7, 1962, decreed that Berry have restitution of the property in question, and a writ of restitution was served on J. C. Wagner on August 11.

Under date of October 25, 1962, Berry filed suit for injunction against relators in the county court of Houston County. The suit was assigned cause No. 3079. Berry alleged that he was the owner of the tract of land in question; that he had recovered judgment against J. C. Wagner in cause No. 3063 for restitution and possession of

the premises; and that a writ of restitution in enforcement of the judgment had been issued and served. He further alleged that relators "will immediately, or shortly after such restitution re-enter upon such premises and again take possession," and that he "has no means by which he can hold and retain possession of said premises except by writ of injunction." His prayer was that relators "be temporarily enjoined from taking possession of, holding possession of, or interfering with plaintiff's possession of, said house and premises," and for permanent injunction. On October 26 the judge of the county court granted a temporary restraining order enjoining relators from "taking or holding possession * * * and from interfering in any way with the plaintiff, P. S. Berry, exercising possession of, and having possession of, said house and premises." A temporary injunction to the same effect as the restraining order was granted on November 5; the order of the court recited that the plaintiff was entitled to the temporary injunction "for the reason that the property and premises described in plaintiff's petition are owned and belong to plaintiff."

Subsequently, the attorney for Berry filed a complaint supported by affidavit charging that relators on or about November 6 entered upon and took possession of the premises wilfully and without justification and in defiance of the order of the court granting the temporary injunction. Acting thereon, the court ordered that attachment issue for relators to personally answer the complaint on December 27. Upon hearing, the court found that relators were in contempt of the temporary injunction order by entering upon and taking possession, and holding possession, of the premises. The court decreed that relators pay "a fine of $No as a punishment of the contempt aforesaid and that they forthwith turn over and deliver to P. S. Berry the house and premises above described and that they both and each be imprisoned in the common jail of Houston County, Texas, until each of them shall pay the said fine

of $No as herein described and until they and each of them shall turn over and deliver to the said P. S. Berry the house and premises in Houston County, Texas, belonging to the said P. S. Berry * * * ; or until they and each of them shall be discharged by the further order of this court * * *."

Relators attack the order of commitment on the sole ground that it was void because based on an attempted adjudication of title beyond the jurisdiction of the county court. There is no attack upon the factual basis supporting the temporary injunction and contempt orders. See Ex parte Arapis, 157 Tex. 627, 306 S.W.2d 884.

In the forcible detainer suit instituted by P. S. Berry neither the justice court nor the county court undertook to adjudicate title and the final judgment therein was for possession only. The injunction suit instituted by Berry was ancillary to, and brought for the enforcement of, the prior judgment of the same court ordering the relator J. C. Wagner to restore possession of the premises to Berry. The fact that it was assigned a different cause number is not controlling. The recitation in the order granting the temporary injunction that the plaintiff was entitled thereto for the "reason" that the plaintiff was the owner of the property does not render the order void as an assertion of jurisdiction to adjudicate title to the property. We will presume that the court did not undertake to exercise a jurisdiction which was not invoked and which was beyond its powers.

Although not raised by relators, we note that the performance required of relators to purge themselves under the terms of the contempt order is to "turn over and deliver to the said P. S. Berry the house and premises." Imprisonment for an indefinite period in a civil contempt is a recognized remedial measure to coerce a contemner to do an act within his power to perform. but he must have the means by which he may purge himself. Under

the terms of the contempt order here the possibility is apparent that the relators cannot discharge themselves—do not carry the keys to their jail in their pocket, see Ex parte De Wees, 146 Tex. 564, 210 S. W.2d 145—because the incarceration itself may have accomplished that which relators were required to do. The imprisonment of relators removed them from possession of the house and premises and may have made it possible for Berry to regain possession, hence there was no additional performance by which relators could obtain their liberty. However, the record does not include a statement of facts and we must presume there was evidence to support the contempt judgment of the court. See City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860. For example, relators may have been continuing to hold possession of the property by means of an agent whom they could direct to relinquish possession.

Relators are remanded to the sheriff of Houston County.