Ex parte M. L. SMYERS, Relator.

No. B–5497.

Supreme Court of Texas.

Nov. 12, 1975.

George L. Preston, Paris, for relator.

Saunders, Caldwell & Schmidt, J. Byron Saunders and Hugh Schmidt, Tyler, for respondent.

REAVLEY, Justice.

M. L. Smyers seeks release from confinement in the Smith County jail, having been committed for contempt by the judge of the 7th Judicial District Court. Smyers was served with a temporary restraining order on August 8, by which he was restrained from transferring, conveying, secreting or disposing of several items of machinery including a used Caterpillar D6C tractor, serial number 76A3951. He concedes that he had possession of the tractor prior to receipt of service of the court's order; his position is that he sold the tractor on August 4 and has since had neither control over it nor knowledge of its whereabouts. To obtain discharge by the Supreme Court, he must show conclusively by the record of the hearing in the trial court that he was unable to comply with the restraining order of that court. *Ex Parte Arapis,* 157 Tex. 627, 306 S.W.2d 884 (1957). The record before us does not entitle relator to his liberty.

The First National Bank of Whitehouse held a lien on this tractor to secure notes of Ray Claborn. The security agreement was properly filed with the Secretary of State. The Bank, unable to collect its notes or to obtain information from Claborn as to the location of the tractor, brought suit in Smith County. When investigation led to Smyers, he was made a defendant in the suit and the temporary restraining order was obtained. In the evening of August 8 Deputy Sheriff Toland of Lamar County served the order upon Smyers at his home in Powderly, located only a few miles from the Texas-Oklahoma border. Toland and an investigator for the Bank, John Montgomery, testified that Smyers gave them a belligerent reception and threw the papers down and said that he would not read them

so that they would not legally bind him. He showed that he was familiar with the subject matter of the writ and citation, for he insisted that the tractor was his but was in Oklahoma beyond the reach of the Bank. He further stated that he had a Tennessee buyer and would deliver the tractor the next day. After Smyers promised Montgomery a whipping, Montgomery and Deputy Toland left Smyers and drove to check the heavy equipment located at two sites where Smyers did business. Within 30 minutes they came upon Smyers at one of those sites loading a Caterpillar tractor onto a trailer.

Deputy Toland reported by radio to Sheriff Louie Knowles and left the scene to place Montgomery out of the way. The tractor was gone by the time Sheriff Knowles arrived, but the Sheriff did locate Smyers and admonished him for attempting to move the machine after being served. Smyers replied that "it's gone, it's in Oklahoma" and explained that "he had lost a deal in Court before and he didn't intend to do it again." While the officers were talking to Smyers, Jimmy D. Smyers, son and business associate of relator Smyers, drove up and clapped his hands in glee to announce that the tractor was then in Oklahoma where no one could do anything about it.

M. L. Smyers testified in his defense, telling of his purchase of the tractor from Ray Claborn and selling it for $18,000 in cash to someone named James Lee, whom he had seen at heavy machinery auctions. He said that it had never been in Oklahoma although, because he was upset, he might have told the Sheriff otherwise. He testified that he moved a John Deere dozer to his home on the evening of August 8 but failed to make that explanation to the Sheriff. His testimony was not convincing to the trial judge.

█ The trial judge was entitled to find Smyers in contempt of court and to assess his punishment at 60 days in jail and a fine of $500.

█ The judge further ordered that Smyers should be confined until he purges himself of contempt by delivery of the tractor. Relator argues that this order is void because it is not within his power to perform the act to purge himself of contempt, citing *Ex Parte De Wees,* 146 Tex. 564, 210 S.W.2d 145 (1948). His argument rests again on his own story of the cash sale to one James Lee on August 4. The story has been found to be false by the trial court and is of no more help to him than was the story told in *Ex Parte Preston,* 162 Tex. 379, 347 S.W.2d 938 (1961).

Relator has been free on bond according to direction of this Court during our consideration of his petition. He is now remanded to the custody of the Sheriff of Smith County.