**Ex parte Patricia H. BULLER, Relator.**

**No. 09–92–097 CV.**

Court of Appeals of Texas, Beaumont.

July 30, 1992.

Joseph C. Hawthorn, Beaumont, for appellant.

William B. Allison, Sewell & Riggs, Mark S. Kloster, Sewell & Riggs, Ramon G. Viada, III, Sewell & Riggs, Houston, for real party in interest, FDIC.

Before BROOKSHIRE, BURGESS and WHITHAM[1], JJ.

## OPINION

BROOKSHIRE, Justice.

Patricia H. Buller's husband was Paul Buller ("Decedent"). Paul Buller died on October 25, 1985. He left a Will that was probated. The Will appointed Patricia Buller as Independent Executrix of his Estate. At the time of the Decedent's death, he owned a $100,000 Certificate of Deposit which was on deposit at the First State Bank of Lumberton. The arrangement was that this Certificate was in a bank account held jointly by the Decedent and Patricia. In addition, the Decedent was at that material time also a guarantor on certain promissory notes. These promissory notes totalled $199,553.09. These large notes were held by Beaumont Bank.

Shortly after the Decedent's death, the Beaumont Bank requested that the Decedent's estate pledge the $100,000 Certificate of Deposit as additional collateral against the promissory notes (being much larger in amount), said notes having been guaranteed by the Decedent. At some time thereafter, Patricia Buller's attorney, C. Marshall Rea, revealed and admitted to Beaumont Bank that the Certificate of Deposit had been transferred to his trust account. In January of 1986, the several promissory notes owed to Beaumont Bank, which had been guaranteed by the Decedent, went into default. In the next month of February 1986, Beaumont Bank filed a

suit seeking recovery on the said notes in default. Beaumont Bank recovered a judgment in excess of $270,000 on July 21, 1986. That judgment became final and fully enforceable.

The Beaumont Bank filed an Application for Turnover Relief pursuant to Tex.Civ. Prac. & Rem.Code Ann. § 31.002 (Vernon 1986 & Supp.1992). The Application for Turnover Relief was filed on November 23, 1987. The 58th District Court of Jefferson County heard the Bank's Application for Turnover Relief in the early part of February 1988. Patricia Buller testified at the hearing. The trial court found that the Decedent's estate was and is the owner of property described as $97,661.24, being in cash, and that this cash property was then in the possession of C. Marshall Rea, an attorney at law, and Patricia Buller, Individually, and Patricia Buller, Legal Representative of the Estate of Paul Buller.

The trial court found that the $97,661.24, being property and being in cash, was property that was owned by Patricia, Legal Representative of the Estate of Paul Buller, and that this property cannot and could not be readily attached or levied upon by ordinary legal process. Further, the trial court found that the cash property is not exempt from attachment, execution or seizure for the satisfaction of liabilities.

The Bank's Application for Turnover Relief named C. Marshall Rea as a holder of the property. The trial court took note that C. Marshall Rea may or might have filed for relief under Chapter 7 of the United States Bankruptcy Code in the Southern District of Texas prior to the commencement of the turnover proceedings before the court. The trial court also ordered Mr. Rea to keep the 58th District Court fully advised as to the date of his bankruptcy proceeding and as to the present status and continuing status thereof. Also, the district court specifically ordered Mr. Rea to not only advise the court fully as to Rea's bankruptcy proceeding but he was to advise the court as to why he had not dis-

---

1. The Honorable Warren Whitham, Justice, Retired, Dallas Court of Appeals, sitting by assign- ment pursuant to Tex.Gov't Code Ann. § 74.003(b) (Vernon 1988).

closed to the court that he had filed such a bankruptcy proceeding in view of his unquestioned status as an officer of the court.

In a separate decretal paragraph, the trial court ordered Patricia H. Buller, Legal Representative of the Estate of Paul Buller, and Patricia H. Buller, Individually, to turn over $97,661.24 cash for levy to the Jefferson County Sheriff at the Jefferson County Courthouse, 1149 Pearl Street, Beaumont, Texas, on or before 4:00 p.m. on March 28, 1988. The Order for Turnover Relief was signed and entered on March 14th, 1988.

Patricia Buller, in her several capacities, appealed the turnover order. The Ninth Court of Appeals reversed. *Buller v. Beaumont Bank, N.A.*, 777 S.W.2d 763 (Tex.App.—Beaumont 1989). One justice dissented. Then on April 3, 1991, the Texas Supreme Court reversed the Court of Appeals and affirmed the turnover order of the 58th District Court. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223 (Tex. 1991). Beaumont Bank then timely and properly demanded Buller to deliver the money to the Sheriff in compliance with the turnover order. Buller adamantly refused. The Bank then moved to hold Patricia Buller in contempt.

After notice in the latter part of October 1991, a show cause hearing was held. Patricia Buller appeared with her counsel. She testified. The trial court conducted a full hearing and had considered among other things the pleadings and the official records on file, the testimony offered and the evidence and argument of counsel. The court made cogent findings, finding specifically that Patricia Buller, as Respondent, was guilty of violation of an order of court of March 14, 1988, in that she had not turned over any portion of the above described property as ordered. The presiding judge found that Patricia Buller was guilty of violating the court's turnover order because she had clearly failed to deliver the estate assets that the same district court had earlier found to be in her possession. The court then adjudicated Buller in contempt.

`After the hearing, a Judgment of Contempt and Order of Commitment were entered on November 7, 1991 by the judge presiding in the 58th District Court of Jefferson County. The court recited in its Judgment and Order that it had heard the Respondent Patricia Buller's testimony; and although she had been given ample notice of the hearing and the proceeding, Patricia Buller provided no documentary evidence at all in support of her testimony. The court made an unequivocal finding that Patricia Buller's testimony "is not credible". The trial court further specifically found that the Respondent's refusal to comply with the court's previous Order was without substantial justification. The court decreed that Patricia H. Buller, as Legal Representative of the Estate of Paul Buller, was and is in contempt of court for violation of its previous Order.

Patricia was ordered to be placed in the County Jail of Jefferson County on November 27, 1991, and remain thereafter until she purged herself of contempt by turning over the $97,661.24 for levy to the Jefferson County Sheriff at the Jefferson County Courthouse.

Patricia Buller admitted that she had the funds in the Cayman Islands; nevertheless, she refused to abide by the turnover order and she refused to turn over the funds or any part thereof to the Sheriff or the FDIC, the successor in interest to Beaumont Bank. In middle December 1991, Patricia Buller applied to the Supreme Court of Texas for a Writ of Habeas Corpus alleging generally that she was illegally restrained of her liberty by the Jefferson County Sheriff. The Supreme Court of Texas ordered Buller to be released on bail. Then, in the latter part of April 1992, the Supreme Court of Texas denied Buller's application without prejudice, however, to refile in the Supreme Court of Texas after Buller had applied for relief in the Court of Appeals.

The Ninth Court of Appeals sitting at Beaumont, granted leave to file the petition or application for habeas corpus. The proceeding was set for oral argument and submission affording to all parties and to

their counsel the full right to be heard by way of oral argument and submission. All parties signed a waiver in writing of the right to argument.

This case we perceive to be one of first impression in our State. An important issue we are to decide is the constitutionality of the turnover statute as it relates to incarceration or jailing of a respondent who contemptuously had failed to turn over money in compliance with a turnover order.

The Relator now before us, Patricia H. Buller, affirmatively admits in her pleadings that this Court of Appeals has jurisdiction pursuant to TEX. CONST. art. V, § 6; TEX.GOV'T CODE ANN. § 22.221(d) (Vernon Supp.1992); and TEX.R.APP.P. 120(c). Relator, Patricia Buller, pleads and presents to us that: the Texas Supreme Court has previously held the turnover order to be valid as against Relator as the legal representative of the estate of her late husband. *Beaumont Bank, N.A. v. Buller, supra.*

TEX.CIV.PRAC. & REM.CODE ANN. § 31.002 commonly known and referred to as the "Turnover" Statute, is set out in a footnote in the opinion of the Supreme Court, *Beaumont Bank, N.A. v. Buller,* 806 at 224, n. 1. In general, the Texas "Turnover" Statute has been described as a procedural device by which judgment creditors may reach assets of a debtor which said assets are otherwise difficult to attach or levy upon by ordinary legal process.

The opinion of the Supreme Court of Texas narrates a clear account of the actions of Patricia Buller and C. Marshall Rea. Various transfers of monies are set out. Interestingly, the $100,000 C.D. formerly in the Lumberton Bank was transferred into Mr. Rea's trust fund. According to Patricia Buller that $100,000 C.D. belonged to Paul Buller's estate. Patricia Buller acknowledged her fiduciary duties as the Independent Executrix, including an Executrix's duties to ascertain the liabilities of the estate. Patricia Buller admitted that she had transferred approximately $250,000 into an account in the Cayman Islands sometime during the summer of 1986. But Patricia stated that she could not even remember the name of the city in which the Cayman Islands account was situated. Portions of the interesting and remarkable testimony of Patricia Buller are recited in the opinion of the Supreme Court.

## *The Issue of Whether Patricia Buller's Confinement Constitutes Prohibition Against Imprisonment For Debt*

■ We hold that Patricia Buller's confinement does not violate the constitutional provision against imprisonment for debt. Her petition for Writ of Habeas Corpus does not dispute or challenge in any way the 58th District Court's finding that she possesses the money that the court has ordered her to deliver for levy to the Sheriff for partial satisfaction of the debt. The burden to show that she was unable to comply with the district court's turnover order was upon Patricia Buller. She failed to discharge this burden. *See and compare Ex parte Padfield,* 154 Tex. 253, 276 S.W.2d 247, 250 (1955). The district court rejected her contention that she was unable to pay. The district court determined that that defense was simply not credible. Buller does not by her pleadings or otherwise challenge that finding in this Court of Appeals.

■ Significantly, in this habeas corpus proceeding on appeal, Patricia Buller has not filed a statement of facts of the district court's proceeding conducted before the Honorable J. Michael Bradford. We have before us Judge Bradford's Judgment of Contempt and Order of Commitment signed November 7, 1991. This Judgment and the Order are valid. Neither is void or voidable. *See Padfield, supra.* In this state of the record, then, our Court of Appeals must presume that the evidence and testimony proffered at the contempt hearing before Judge J. Michael Bradford sustained the trial court's findings rejecting Buller's contention that she is unable to comply with the turnover order. *See and compare Ex parte Wagner,* 368 S.W.2d 185, 187 (Tex.1963); *Ex parte Birkhead,* 127 Tex. 556, 95 S.W.2d 953, 953–954 (1936).

With no statement of facts and no transcription of the court reporter's notes of the evidence the question to be decided here, then, is whether the district court's Judgment of Contempt and Order of Commitment are facially void for violating the constitutional prohibition against imprisonment for debt. They are not; Patricia has not been ordered to imprisonment for debt. TEX. CONST. art. I, § 18. Patricia has not shown that she is unable or incapable of complying with the turnover order. Under the record before us she could not make such a denial. Patricia Buller's live petition before us simply generally states that her confinement and restraint are illegal because the Judgment of Contempt and Order of Commitment are void because they amount to imprisonment for a debt in violation of TEX. CONST. art. I, § 18. In Patricia Buller's brief, accompanying her petition for Writ of Habeas corpus, she affirmatively concedes that the trial court held, following the hearing of October 28, 1991, that she, Patricia, the Relator, provided no documentary evidence to support her contentions and again found that her contentions were not believable or credible.

■ Article I, § 18 of the Texas Constitution reads: "Sec. 18. No person shall ever be imprisoned for debt." The Relator, Patricia, argues that the turnover order was an order to enforce the payment of a debt. We do not agree. Relator argues that she is in the position, under this record, of holding funds that are to be used to satisfy a "debt" of the Decedent's estate. Therefore, Patricia avers that her imprisonment for refusing to turn over the money to discharge a "debt" of the Decedent's estate necessarily constitutes an imprisonment for debt prohibited by Article I § 18. We disagree. From a historical standpoint, the constitutional prohibition against imprisonment for debt arose out of the "useless and often cruel imprisonment of persons who had become *unable to pay their debts*". (emphasis added) *See* TEX. CONST. art. I, § 18, interp. commentary (Vernon 1984). This constitutional prohibition then simply does not apply "unless the contemner demonstrates inability to pay". *See and compare Pierce v. Vision Invest-*

*ments, Inc.*, 779 F.2d 302, 309 (5th Cir. 1986). The *Pierce* decision construed Texas Constitution article I, § 18. *See also Ex parte Smyers*, 529 S.W.2d 769, 770 (Tex. 1975). In *Smyers* a petition for relief was denied because the contemner failed to prove conclusively that he was unable to comply with the restraining order of the trial court.

■ A trustee or other fiduciary such as a legal representative or independent executrix may constitutionally be fined and jailed for contemptuously refusing to obey an order to turn over funds held in her hands and subject to her right of possession to a proper authority or entity that is lawfully and rightfully entitled to those funds for levy. *Ex parte Gorena*, 595 S.W.2d 841, 846–847 (Tex.1979); *Ex parte Preston*, 162 Tex. 379, 347 S.W.2d 938, 940–41 (1961). *Ex parte Gorena* and *Ex parte Preston* are compellingly persuasive because here Buller is the independent executrix of her husband's estate. Hence, Patricia Buller stands in a fiduciary relationship with the creditors of the estate of the Decedent. FDIC is such a creditor. *Pearce v. Stokes*, 155 Tex. 564, 291 S.W.2d 309, 312 (1956); *Cochran v. Thompson*, 18 Tex. 652, 657 (1857).

Moreover, Patricia Buller places major reliance on *Ex parte Yates* 387 S.W.2d 377 (Tex.1965). *Yates* was ordered by the trial court in a divorce proceeding to pay to the wife $67,920.75 of a certain uncollected debt that was due to the husband. The debt was evidenced by a promissory note. The divorce court further ordered that payments be made to the wife in the amount of $500 per month to satisfy the court's order. The husband failed to make the payments. The controlling factor or the paramount consideration in *Ex parte Yates* was the fact *that the contemner was being required to pay money that he had not yet earned.* The order itself revealed that Yates was to pay from monies to be earned by Yates in the future. In the instant habeas corpus proceeding before us, the turnover order and other court orders do not require Patricia Buller to extinguish a "debt" with funds that she does not pres-

ently possess and which she could only raise by earning monies at some future time. The trial court has found that Buller does possess the monies and controls the monies. Hence, she carries the key to her own jail cell in her own pocket.

■ Judge J. Michael Bradford's Judgment of Contempt and Order of Confinement do not result in the imprisonment or incarceration of Buller for debt within the meaning of TEX. CONST. art. I, § 18. Those judgments and orders constitute instead a valid and proper exercise of the district court's jurisdiction and contempt power. We hold the Texas "Turnover" Statute to be constitutional. Hence, we deny Patricia Buller's petition for a Writ of Habeas Corpus. It is ordered that Buller be remanded to the custody of the Jefferson County Sheriff until she fully purges herself of contempt. A court's contempt power is an inherent power that is essential to judicial independence and authority. *Ex parte Browne*, 543 S.W.2d 82 (Tex.1976).

Judge Bradford's Judgment and Order affirmatively found that Relator Patricia Buller, after proper notice and hearings, was properly served with the Order of the 58th District Court of March 14, 1988, which was affirmed by the Supreme Court of Texas on April 3, 1991. And further, on March 14, 1988, the 58th District Court ordered Patricia H. Buller, Legal Representative of the Estate of Paul Buller, Deceased, to turn over $97,661.24 in cash which was in her possession and described as the "property" for levy to the Jefferson County Sheriff at the Jefferson County Courthouse, 1149 Pearl Street, Beaumont, Texas, on or before 4:00 p.m. on March 28, 1988. Judge Bradford further found that the Relator was guilty of violation of that order of March 14, 1988, and that she had not turned over any portion of the above described properties or monies as ordered. *Judge Bradford affirmatively found that Patricia Buller's testimony before him was not credible* and that Relator's refusal to comply with orders of the court was without substantial justification. We therefore decree that the Judgment and Order signed by Judge J. Michael Bradford on November 7, 1991, is to be fully carried out and executed. It is so ordered.

WRIT DENIED.

BURGESS, Justice, dissenting.

I respectfully dissent. While this issue was mentioned in Justice Mauzy's dissenting opinion in *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 229 (Tex.1991), it was not addressed by the majority opinion.

Article I, section 18 of the Texas Constitution of 1876 states clearly and plainly: "No person shall ever be imprisoned for debt". This provision of our state Bill of Rights is not "means tested". The constitutional protection applies regardless of ability. The analysis starts and stops with the definition of "debt", not with any factual determination of ability or inability to pay. As noted in *Ex Parte Britton*, 127 Tex. 85, 92 S.W.2d 224, 227 (1936), "It is not the policy of the law to enforce the collection of mere civil debts by contempt proceedings." The legislature, by allowing enforcement of the Texas turnover statute through contempt proceedings, TEX.CIV. PRAC. & REM.CODE ANN. § 31.002 (Vernon 1986 & Supp.1992) has violated this constitutional guarantee.

This action is one to enforce a judgment. However, one must look to the origin of the obligation to determine its nature. *See Ex Parte Shaver*, 597 S.W.2d 498 (Tex.Civ. App.—Dallas 1980, no writ). The order of the trial court did not direct that Ms. Buller deliver a specific identified fund-in-being or a certificate of deposit but only to turn over $97,661.24 in cash to the sheriff to satisfy the judgment. This is nothing more than telling her to pay the debt. *Accord: Currie v. Drake*, 550 S.W.2d 736 (Tex.Civ. App.—Dallas 1977, writ ref'd n.r.e.). The majority rewrites the constitution when they state: "This constitutional prohibition then simply does not apply 'unless the contemner demonstrates inability to pay.'" Had the framers of the 1876 constitution wanted this provision, they could have written it that way. In fact, according to Justice Mauzy's research, section 12 of the 1836 Constitution of the Republic of Texas had an inability to pay requirement. 806

S.W.2d at 229. Reasonable analysis of "original intent" would indicate that the framers rejected the 1836 approach and adopted instead an absolute prohibition against imprisonment for debt without consideration to inability to pay.

In view of Ms. Buller's courtroom behavior and attitude, she may not be deserving of any mercy or equity. However, she does not have to invoke either. She is entitled to the guarantee of Article 1, section 18. The majority denies her that; consequently I dissent.