**In re Paul E. NUNU.**

No. 95–1096.

Supreme Court of Texas.

July 9, 1997.

Rehearing Overruled Dec. 4, 1997.

J. Marcus Hill, Houston, Anthony J. Sadberry, San Antonio, for Petitioner.

Boris A. Hidalgo, Houston, for Respondent.

PER CURIAM.

One issue in this original habeas corpus proceeding is whether release of a person held in contempt for violating an injunction

can be conditioned on the person's reimbursement of certain expenses involved in complying with the injunction. In the circumstances of this case, we conclude that the condition violates Article I, Section 18 of the Texas Constitution, which forbids imprisonment for debt. We therefore strike this condition from the commitment order.

The Property Owners Association of the Del Lago Estates subdivision obtained a permanent injunction prohibiting Paul Nunu, an attorney who owned a lot in the subdivision, from violating restrictive covenants burdening his property. Sometime later the Association moved for contempt, alleging that Nunu had violated the injunction in several ways. After a two-day hearing the district court found Nunu in contempt but did not impose punishment immediately. Rather, the court ordered Nunu to take specific steps to comply with the restrictive covenants within sixty days. The court's order provided that Nunu would be purged of contempt if he complied within the stated period but would face incarceration if he did not. Nunu did not comply with several terms of the order, and the Association moved for commitment. After another evidentiary hearing, the district court ordered Nunu incarcerated until he complied. The final amended commitment order also provided that Nunu "shall be released from jail upon reimbursement of all reasonable and necessary expenses incurred by the Association in the removal of items from the property as authorized herein."

On petition for writ of habeas corpus, we released Nunu on bond. Nunu makes numerous arguments for release, none of which we find persuasive. He also contends, however, that conditioning his release on reimbursement of the Association's expenses violates Article I, Section 18 of the Texas Constitution which states simply: "No person shall ever be imprisoned for debt." We agree. Even assuming that the Association was entitled to a prospective award of expenses under the circumstances here, any such damages award cannot be enforced by contempt, which is the effect of the amended commitment order. *See Ex parte Hall,* 854 S.W.2d 656, 658 (Tex.1993); *see also Wallace*

*v. Briggs,* 162 Tex. 485, 348 S.W.2d 523, 525–26 (1961). An adjudicated debt may be enforced by other legal processes, such as execution or attachment of property, but not by imprisonment of the debtor. *Hall,* 854 S.W.2d at 658.

Accordingly, without hearing oral argument, we grant Nunu's petition only to the extent that we strike the reimbursement condition in the final amended commitment order. We deny all other relief and remand Nunu to the custody of the sheriff. TEX. R.APP.P. 122.