I respectfully dissent.

833

Because the majority does not, I respectfully dissent.

Robert S. Duboise, Coldspring, for relator.

Richard R. Burroughs, Cleveland, for real party in interest.

Before WALKER, C.J., BURGESS and STOVER, JJ.

In re Joseph Earl AARONS.

No. 09–00–032 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 17, 2000.

Decided Feb. 24, 2000.

## OPINION

DON BURGESS, Justice.

This is a habeas corpus proceeding arising out of a child support contempt case. At a hearing on September 29, 1999, Joseph Earl Aarons, appearing pro se, was found in contempt for failure to pay child support. He was confined on September 29, 1999, and filed his petition for writ of habeas corpus on January 20, 2000. We ordered him released on bond on January 21, 2000. Joseph argues he is entitled to a writ of habeas corpus because he was not informed by the court of his right to counsel. Pamela Ann Aarons, real party in interest, agrees that Joseph is entitled to be released from the writ of commitment and from the portion of the order holding him in contempt, but contends he is not entitled to relief from the order to the extent it provides remedies to her other than incarcerating him.

We agree that Joseph is entitled a writ of habeas corpus. The Texas Family Code guarantees his right to counsel:

> If the court determines that incarceration is a possible result of the proceedings, the court shall inform a respondent not represented by an attorney of the right to be represented by an attorney and, if the respondent is indigent, of the right to the appointment of an attorney.

TEX. FAM.CODE ANN. § 157.163(b) (Vernon 1996). This provision clearly required the trial court to admonish Joseph of his right to counsel; however, as revealed by the record and conceded by Pamela, the court did not do so. *See Ex parte Acker*, 949 S.W.2d 314, 316 (Tex.1997). We hold the

trial court's failure to admonish Joseph of his right to counsel renders void the commitment arising from the September 29, 1999 contempt order. *See id.*

■ The entire order, however, is not void, only the invalid portion. *See Ex parte Linder*, 783 S.W.2d 754, 758 (Tex. App.—Dallas 1990, orig. proceeding). The trial court's September 29, 1999 order found Joseph in contempt for specific enumerated violations separately set forth in the order, and then ordered him to be confined. Joseph does not argue that any of the enumerated violations are void. The order further provides separately that Joseph is required to pay child support arrearage, interest, costs, and attorney's fees. Joseph does not argue that he should not be required to pay the arrearage, interest costs or attorney's fees.[1] Indeed, in correspondence to the court

waiving oral argument, Joseph's attorney indicated the issuance of a writ of habeas corpus was the only relief being sought.

We hereby sever that portion of the contempt order confining Joseph, declare it void, and as modified, leave the remainder of the contempt order intact. *See Linder*, 783 S.W.2d at 758. We order Joseph Earl Aarons discharged from that portion of the order requiring his confinement.

WRIT GRANTED.

---

1. These arguments would not be proper in a petition for writ of habeas corpus, but instead, if they are to be made at all, should be brought in a separate appeal. *See Ex parte Benavides*, 801 S.W.2d 535, 537 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding [writ dism'd w.o.j.]) ("A writ of habeas corpus is not available to secure determination of a question that, if determined in the prisoner's favor, would not result in his immediate release.").