In The


 

Court of Appeals



Ninth District of Texas at Beaumont


 

____________________



NO. 09-04-137 CV


____________________



IN RE DAVID L. MONTGOMERY






Original Proceeding






OPINION


 By petition for writ of habeas corpus, relator David L. Montgomery requests relief
from a judgment of contempt. The real parties in interest, Pope Montgomery, Architects
& Builders, L.L.C., and Tom Pope filed a motion for contempt asserting Montgomery's
failure to comply with turnover orders. (1) Montgomery raises the following five questions
in his petition: 

 1. Has the trial court denied Relator due process by incarcerating him for
failing to turn over money to pay a debt contrary to Article 1 § 18 of the
Texas Constitution?


 2. Has the trial court denied Relator due process where he is incarcerated
for failure to pay money which had not been first fixed in his commitment
and Show Cause Order?


 3. Can the trial court continue to hold Relator where his commitment has
been effectively converted from civil contempt to criminal contempt without
due process?


 4. Is Relator denied due process of law where he is incarcerated for civil
contempt for violation of a void order requiring the performance of third
parties?


 5. Is Relator incarcerated in violation of his due process rights where his
attorney was ineffective in assisting him[?] 


 The contempt judgment followed an evidentiary hearing. At the conclusion of the
hearing, the judge orally announced her findings and specified a number of violations of
the turnover orders. These findings were subsequently memorialized in the judgment for
contempt. The finding at the center of relator's first three issues reads as follows: 

 2. David L. Montgomery violated those Orders in the following respects:


 January 12, 2004 Order


 1. All cash in the control or possession of David L. Montgomery.


 -The Court finds that David L. Montgomery should have in his
possession or subject to his control, and therefore should have turned
over cash. Specifically, the Court finds that David L. Montgomery
received $60,000 from the sale of the property with a physical
address of 23 Woodhaven Wood, The Woodlands, Texas to Donna
Cook on or about October 27, 2003, and that he received $40,000
from Margie Finley in settlement of his divorce. The [C]ourt further
finds that no expenses, other than monthly expenses, should be
deducted from those amounts. The [C]ourt further finds that David
L. Montgomery's monthly expenses, as described in his Amended
Bankruptcy Schedules, was $4358 per month. Deducting that sum for
the months of November 2003, December 2003, and January 2004
from that amount, the Court finds that David L. Montgomery should
have, but failed to turn over $86,926.



 The provision of the January 12, 2004, turnover order found by the judge to have
been violated by relator, as referenced above, reads as follows: "1. All cash in the control
or possession of David L. Montgomery and all cash in the control or possession of David
L. Montgomery's spouse[.]" (2) The judge found six other violations, all of which involved
Montgomery's failure to turnover various documents. The judge found all of
Montgomery's violations were done "with the wilful intent to violate the Orders." The
contempt judgment provides in part as follows: 

 It is further ORDERED that David L. Montgomery is in civil contempt of
this Court, and that David L. Montgomery shall be confined in the
Montgomery County Jail indefinitely, with his release conditioned upon full
compliance with the Court's Orders as described above. 


 It is further ORDERED that upon notice of David L. Montgomery's
counsel and/or Tom Pope and Pope Montgomery, Architects and Builders,
L.L.C. counsel, this Court will hold a compliance hearing and, if it finds
from the credible evidence that David L. Montgomery has purged himself
of all acts of contempt, will order his release.


 This original habeas corpus proceeding is a collateral attack on the contempt
judgment. Ex parte Rohleder, 424 S.W.2d 891, 892 (Tex. 1967); In re Markowitz, 25
S.W.3d 1, 2 (Tex. App.- -Houston [14th Dist.] 1988, orig. proceeding). A writ of habeas
corpus will issue if a contempt order is void because it deprives the relator of liberty
without due process of law, see Ex parte Swate, 922 S.W.2d 122, 124 (Tex. 1996), or
because the order of contempt was beyond the power of the court to issue. See Ex parte
Barnett, 600 S.W.2d 252, 254 (Tex. 1980); In re Johnson, 996 S.W.2d 430, 432 (Tex.
App.--Beaumont 1999, orig. proceeding).

 Criminal contempt is punishment for disobedience that constitutes an affront to the
dignity and authority of the court. Ex parte Werblud, 536 S.W.2d 542, 545-46 (Tex.
1976). Civil contempt, by contrast, is remedial and coercive in nature; one may procure
release by compliance with the provisions of the order of the court. Id. The contempt
judgment here is civil. Relator's release is conditioned upon compliance with the various
turnover orders. 

 We address issue two first. (3) A contemnor is entitled to procedural due process. Ex
parte Johnson, 654 S.W.2d 415, 420-21 (Tex. 1983). In order for a party to be subject
to contempt for disobeying a court order, the order must give reasonable notice of the
terms of compliance in clear, specific and unambiguous language so that the person will
readily know what duties and obligations are imposed. See Ex parte Chambers, 898
S.W.2d 257, 260 (Tex. 1995); Ex parte Price, 741 S.W.2d 366, 367 (Tex. 1987); Ex parte
Slavin, 412 S.W.2d 43, 44 (Tex. 1967). 

 The January 12, 2004, turnover order commands relator to deliver "[a]ll cash in the
control or possession of" relator to the specified constable "no later than 2:00 o'clock
P.M., Central Standard Time, on January 19, 2004." The turnover order was granted ex
parte; it is unlikely relator would have been aware of any particular context or scope made
the basis for issuance of the order. The order could be interpreted broadly as requiring
relator to go to all financial institutions which held any cash he had the legal ability to
withdraw, withdraw all the cash and possibly close the accounts, and deliver all cash from
every source of access to the designated constable at the designated time. But the order
does not clearly identify a specific cash sum to be turned over. Without reference to a
specific sum determined to be in his possession or control and ordered to be turned over,
relator would not have a "reasonable opportunity to meet [any subsequent contempt]
charges by way of defense or explanation." See Ex parte Gordon, 584 S.W.2d 686, 688
(Tex. 1979). And a turnover order must identify specific non-exempt property determined
to be in the possession of the judgment debtor or subject to debtor's control. See Tex.
Civ. Prac. & Rem. Code Ann. § 31.002(b)(1) (Vernon Supp. 2004); Roebuck v. Horn,
74 S.W.3d 160, 163-165 (Tex. App.--Beaumont 2002, no pet.); Burns v. Miller, Hiersche,
Martens & Hayward, P.C., 948 S.W.2d 317, 324 (Tex. App.--Dallas 1997, writ denied). 
The contempt judgment here concludes that relator "should" have had cash, not that he did
in fact have a sum certain in his possession or control. We conclude the "[a]ll cash"
provision of the January 12, 2004, turnover order underlying the contempt judgment was
not sufficiently specific to support contempt for failure to turnover the sum of $86,926.00. 
Issue two is sustained. We need not address issues one and three, as they attack the same
provision we strike under issue two. 

 Issue four contends that relator cannot be held in contempt for violations seven and
eight of the judgment of contempt because of his inability to perform the required acts. 
The turnover order required relator to produce records relating to Trinity Heights
Development, Inc. The trial court found relator had access and control over these items
and failed to turn them over as ordered. Relator contends it is undisputed he transferred
his interest in Trinity Heights to his ex-wife pursuant to their divorce settlement. 

 Relator cannot be incarcerated indefinitely for civil contempt if he has no ability to
perform the condition required for release. See Ex parte Rojo, 925 S.W.2d 654, 655 (Tex.
1996). However, subsequent to the filing of relator's petition for writ of habeas corpus,
relator filed with this Court a large number of documents, including documents concerning
Trinity Heights Development, Inc. This appears inconsistent with relator's argument that
he is unable to produce the required documents. (4) The trial court should determine whether
relator is now in compliance or is unable to comply. The judgment of contempt expressly
provides for a compliance hearing. Issue four is overruled.

 Issue five contends relator was not afforded effective assistance by his two trial
counsel during the evidentiary hearing. Relator's lone authority under this issue stands for
the proposition that a criminal contempt defendant should be admonished prior to a
criminal contempt hearing that the defendant is entitled to have counsel appointed if the
defendant is unable to afford counsel. See Ex parte Goodman, 742 S.W.2d 536, 541 (Tex.
App.--Fort Worth 1987, orig. proceeding). Other than this general proposition, relator
does not refer us to any law applying ineffective assistance of counsel standards to civil
contempt proceedings. 

 Assuming he was entitled to effective assistance of counsel, relator has not shown
he was denied a fair hearing. Relator does not provide us with any structured analysis
under this issue but merely points out certain instances of conduct by trial counsel. Two
of the instances are not supported by the record before us. A defendant must prove not
only that counsel's performance was deficient but also that the errors resulted in a trial
whose result is unreliable. In re M.S., 115 S.W.3d 534, 545 (Tex. 2003). There is no
showing that any alleged deficient performance by either or both trial counsel deprived
relator of a fair trial. See generally, In re M.S., 115 S.W.3d at 545 (citing Strickland v.
Washington, 466 U.S. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 in termination of parental
rights case). Relator has failed to meet this burden. Issue five is overruled. 

 The trial court found relator in contempt for specific violations separately set forth
in the judgment, and then ordered him confined until he complied fully with each of the
enumerated provisions. Only one portion of the contempt order is erroneous. See In re
Patillo, 32 S.W.3d 907, 909 (Tex. App.--Corpus Christi 2000, orig. proceeding); In re
Aarons, 10 S.W.3d 833, 834 (Tex. App.--Beaumont 2000, orig. proceeding). That part
of the contempt judgment confining relator until he delivers $86,926, as described under
violation one of the contempt judgment, is severed and stricken. As modified, the
remainder of the judgment of contempt is affirmed. Relator has the right under the
contempt judgment to obtain his release by showing he is now in compliance with the
judge's orders, or is unable to comply. 

 Our previous order granting bail is withdrawn and relator is remanded to the
custody of the Montgomery County Sheriff. 

 WRIT DENIED.

 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on April 8, 2004

Opinion Delivered June 17, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. There is no indication relator filed an appeal from any of the turnover orders in
question, or from the $1,197,340.20 judgment signed on July 7, 2003.
2. At the time of the issuance of the January 12, 2004, turnover order, relator was
divorced, so relator was not held in violation of that portion of the turnover provision
concerning cash in the control or possession of his "spouse." 
3. Because we decide this case under issue two, we need not determine at this time
whether imprisonment conditioned on the turnover of "all cash" to pay a judgment is a
violation of Tex. Const. art. I, § 18. See In re B.L.D., 113 S.W.3d 340, 349 (Tex.
2003); Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999); In re Nunu, 960
S.W.2d 649, 650 (Tex. 1997); Ex parte Hall, 854 S.W.2d 656 (Tex. 1993); Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 227 n.5 (Tex. 1991); Ex parte Yates, 387 S.W.2d
377 (Tex. 1965); compare In re Franklin, No. 09-98-016-CV, 1998 WL 122719 (Tex.
App.--Beaumont March 19, 1998, orig. proceeding)(not designated for publication), with
Ex parte Buller, 834 S.W.2d 622 (Tex. App.- -Beaumont 1992, orig. proceeding).
4. It is unclear whether the various documents filed with this Court on April 6, 2004,
comply fully with the directives contained in the turnover orders. However, the record
before us does not "conclusively establish" relator's involuntary inability to perform. See
Ex parte Dustman, 538 S.W.2d 409, 410 (Tex. 1976, orig. proceeding).